STEVEN W. MYHRE
Acting United States Attorney
PETER S. LEVITT
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Peter.S.Levitt@usdoj.gov
*Attorneys for United States of America*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN ABELL,<br><br>Defendant. | Case No.: 2:11-cr-00354-GMN-GWF<br><br>**Government's Application for an Order Deeming the Attorney-Client Privilege Waived** |

The United States of America, by and through undersigned counsel, respectfully requests that this Court enter an order deeming the Defendant's attorney-client privilege in the above-captioned case waived with respect to Leslie Park, Esq. This order is sought for the following reasons:

1. After the jury found Abell guilty of Attempted Coercion and Enticement of a Minor under 18 U.S.C. § 2422(b), this Court imposed sentence (ECF No. 112) (Mar. 20, 2014), Abell appealed, and, on July 27, 2015, the Ninth Circuit issued a memorandum opinion rejecting Abell's assignments of error and affirming his conviction and sentence. ECF No. 136.

2. On February 3, 2017, Abell filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. ECF No. 141. The Court ordered the government to respond by June 22, 2017. ECF No. 144.

3. In his motion, Abell raises several allegations of ineffective assistance of his trial attorney, Ms. Park. He contends, for example, that his attorney: 1) "never discussed" the effect of the Sentencing Guidelines in the context of a negotiated plea agreement (ECF No. 141 at 5, ¶17(a)(1)); 2) failed to introduce evidence that Abell "believe[s] . . . would have been favorable" (*id.* at 6, ¶17(b)(1)); 3) failed to discover allegedly exculpatory evidence (*id.* at 7, ¶17(c)(1)); and 4) "deliberately lie[d]" about the possibility of having Abell's son testify at trial. *Id.* at 8, ¶17(d)(1)); *see also id.* at 9-10 (asserting ineffective "fail[ure] to object" and "cruel and unusual punishment").

4. Access to information from Abell's former trial counsel is necessary to appropriately respond to the allegations contained in the § 2255 motion.

5. The government therefore requests that this Court issue an order deeming the attorney-client privilege in the above-captioned case waived for the purposes of this proceeding as to the contentions in Abell's motion regarding trial counsel's actions and communications with him, and ordering all materials and information related thereto be divulged to the government.

6. Abell's voluntary disclosure of privileged communications with Ms. Park constitutes a waiver of the privilege as to all other such communications on the same subject. *See, e.g., Weil* v. *Investment/ Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir. 1981); *Clady* v. *County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985), *cert. denied*, 475 U.S. 1109 (1986).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said, "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (citations omitted).

*United States* v. *Ortland*, 109 F.3d 539, 543 (9th Cir.), *cert. denied*, 522 U.S. 851 (1997); *see also Bittaker* v. *Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("[W]here a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.") (citing *Wharton* v. *Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997)).

7. Abell is currently incarcerated, with a projected release date of June 10, 2020.

WHEREFORE, based on the foregoing, the government respectfully requests that the attorney-client privilege in 2:11-cr-354-GMN-GWF be deemed waived as to those matters Defendant has put at issue in his motion to vacate, set aside or correct sentence. Further, the government respectfully requests that this Court order Ms. Park to provide the government with an affidavit or declaration, as well as any relevant materials and information, addressing all of the contentions Defendant raises in his motion, within 30 days after the date of the Court's order.

Dated this 9th day of May, 2017.

>STEVEN W. MYHRE
>Acting United States Attorney
>
>*s/Peter S. Levitt*
>PETER S. LEVITT
>Assistant United States Attorney

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served was filed and served via CM/ECF upon counsel of record, Rebecca Levy, Esq., with the Clerk of the Court for the United States District Court, District of Nevada; and a true and correct copy sent to the Defendant via first-class mail, at the following address

    John Abell
    #46310-048
    FCI Butner - Low
    Federal Correctional Institution
    P.O. Box 999
    Butner, NC  27509
    *Pro se Defendant*

Dated: May 9, 2017

                        *s/ Peter S. Levitt*
                        PETER S. LEVITT
                        Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

UNITED STATES OF AMERICA,  )
                                )
    Plaintiff,                ) Case No.: 2:11-cr-00354-GMN-GWF
                                )
vs.                                  )
                                )
JOHN ABELL,               ) ORDER
                                )
    Defendant.             )
_____ )

Based upon the pending application of the Government, and good cause appearing,

**IT IS HEREBY ORDERED** that the attorney-client privilege in 2:11-cr-00354-GMN-GWF between the defendant and Leslie Park, Esq., shall be deemed waived for all purposes relating to Defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. Ms. Park shall, within 30 days of this order, provide the government with an affidavit or declaration addressing all of the contentions of ineffective assistance of counsel in Defendant's motion.

**IT IS FURTHER ORDERED** that the Government's Motion for Extension of Time to File its Response (ECF No. 147) is **GRANTED**. The Government shall have an additional 30 days, after receiving Ms. Park's affidavit or declaration, to file its response to Defendant's 2255 motion. Defendant's Reply shall be due 14 days after the Government's Response is filed.

DATED this __9__ day of June, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court