# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN ABELL,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

Case No.: 2:11-cr-00354-GMN-GWF

**ORDER**

Pending before the Court is Petitioner John Abell's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"), (ECF No. 141). Respondent United States of America ("the Government") filed a Response, (ECF No. 150), and Petitioner filed a Reply, (ECF No. 151). Also pending before the Court is Petitioner's *Ex Parte* Motion for Appointment of Counsel, (ECF No. 143), to which Petitioner filed a Supplement, (ECF No. 149). For the reasons discussed below, the Court **DENIES** Petitioner's 2255 Motion and **DENIES** Petitioners *Ex Parte* Motion for Appointment of Counsel.[1]

## I. BACKGROUND

On September 28, 2011, a grand jury indicted Petitioner with Attempted Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b). The Government sought to prove that Petitioner used on-line communications to persuade a 13-year-old girl named Tina, who was undercover officer Taun Yurek, to meet him for sex. (Tr. Tran. at 30–31, ECF No. 126).

Trial began on May 21, 2013, but the jury dead-locked after deliberating. The Court thus declared a mistrial. (Mins. Proceedings, ECF No. 70). The Government re-tried Petitioner, and

---

[1] Also pending before the Court is Petitioner's Motion for a Ruling, (ECF No. 152), concerning his 2255 Motion. In light of this Order, the Court dismisses the Motion as moot.

a jury returned a guilty verdict on September 13, 2013. (Jury Verdict, ECF No. 98). The Court then sentenced Petitioner to 120 months imprisonment, twenty years of supervised release to follow, $100 in special assessments, and a fine of $12,500. (J., ECF No. 114).

Petitioner appealed the jury's verdict and his sentence on April 3, 2014, to the Ninth Circuit Court of Appeals. (Not. Appeal, ECF No. 116). In an unpublished Memorandum, the Circuit affirmed Petitioner's conviction and sentence, though it mentioned that, "to the extent [Petitioner] may have a colorable claim [for ineffective assistance of counsel under 28 U.S.C. § 2255], he may pursue it on petition for habeas corpus and a properly developed evidentiary record." (Mem. at 4, ECF No. 136). Petitioner thereafter filed his 2255 Motion with this Court, asserting six grounds for habeas relief.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). Motions pursuant to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

## III. DISCUSSION

Petitioner's six grounds for habeas relief fall into three categories. The first category contains claims for ineffective assistance of trial counsel. (2255 Motion at 5–9, ECF No. 141). The second category relates to the Government allegedly withholding evidence. (*Id.* at 6). Last is Petitioner's argument that his sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment. (*Id.* at 10). The below discussion addresses each category in turn.

### A. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must first show that his counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, a petitioner must show that he was prejudiced by his counsel's deficient performance. *See id*. at 692. Under this analysis, the question is whether "counsel's representation fell below an objective standard of reasonableness"; and the Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira–Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (as amended). "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "The benchmark for judging any claim of ineffectiveness must be whether counsel's actions so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

#### 1. *Plea Agreement*

Petitioner's several claims based on ineffective assistance of counsel begin with the allegation that his trial counsel failed to adequately explain the terms and potential sentence associated with a plea deal offered by the Government. (2255 Motion at 5). Petitioner states the proposed deal was that he would plead guilty to perjury; and if he did, his other charge "would be dropped." (*Id.*). Petitioner complains that his trial counsel did not provide him with any estimated sentence if he were to accept the agreement. (*Id.*). Thus, he argues that his prior counsel was ineffective.

With this ground for relief, Petitioner must establish a reasonable probability that his trial attorney's actions caused him to reject a plea offer which he otherwise would have

accepted. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (applying the *Strickland* test to ineffective assistance claims from the plea process); *see also Escobedo v. United States*, 56 F. App'x 305, 306 (9th Cir. 2003). Petitioner's allegations here do not satisfy that standard. Even at this late stage after conviction, Petitioner states that he "may have accepted the offer had [he] known what the sentence guidelines were." (2255 Motion at 5). This equivocal statement falls far short of a "reasonable probability" that he would have accepted the agreement had he known the potential sentence. *United States v. Fuentes-Garcia*, No. 2:09-cr-262-JCM-GWF, 2015 WL 1806822, at *4 (D. Nev. Apr. 21, 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 668 (1984)). Moreover, Petitioner's prior counsel provided an Affidavit, to which Petitioner had a chance to respond, stating that "ABELL without question did not want to see a plea deal when I spoke with him about the potential resolution." (Aff. Leslie Park ¶ 2, ECF No. 150-1). This statement in the Affidavit aligns with Petitioner's own Reply declaring that he would not have pleaded guilty to a perjury charge because "I never lied under oath." (Reply at 2, ECF No. 151). Thus, the Court does not find merit in Petitioner's contention that his trial counsel was ineffective in explaining a plea agreement which he was not willing to accept and concerned a crime that Petitioner states he did not commit.

### 2. *Presentation of Evidence*

Petitioner's second and third claims for habeas relief contend that his trial counsel failed to present evidence of activity on Petitioner's computer during the same time he was allegedly driving around looking for the minor child at the center of this case. (2255 Motion at 6). Petitioner also complains that his trial counsel had a forensic expert check his computer for activity during this time-period, but his counsel lied to him about the results being "inconclusive." (*Id.* at 6–7). Petitioner claims that this evidence of computer activity should have been admitted at trial because it would have proven he was at home and not driving

around looking for Tina's neighborhood, "thereby eliminating a possible 'substantial step'" necessary to convict. (*Id.*).

Petitioner's second and third claims for relief do not hold merit. Even if Petitioner's identified evidence were as he alleges, his travel in this one instance was not the sole proof of a "substantial step" in violation of 18 U.S.C. § 2422(b). Evidence admitted in trial showed Petitioner's sexually provocative communications with Tina and proposed plans to meet with her, which sufficiently supports his conviction. (Tr. Tran. at 91–93, 97–98, ECF No. 126); *United States v. Goetzke*, 494 F.3d 1231, 1236 (9th Cir. 2007) ("We agree with the Third, Sixth, and Tenth Circuits that, when a defendant initiates conversation with a minor, describes the sexual acts that he would like to perform on the minor, and proposes a rendezvous to perform those acts, he has crossed the line toward persuading, inducing, enticing, or coercing a minor to engage in unlawful sexual activity.").

Additionally, Petitioner's trial counsel declared in an Affidavit responding to his 2255 Motion that, "to the best of my recollection, Detective Yurek did not tell me ABELL was on his computer at the time he stated he was driving around Tina's neighborhood." (Aff. Leslie Park ¶ 4–5, ECF No. 150-1). The Affidavit also explained that, to the best of counsel's recollection, there was no evidence of Petitioner's computer activity at his home when he was allegedly driving around looking for Tina. (*Id.*). Thus, because Petitioner's allegations are unsupported in fact, contradicted by his trial counsel, and within counsel's discretion to not pursue a meritless strategy, the Court does not find Petitioner's second and third claims to demonstrate ineffective assistance of counsel.

### 3. *Calling Witnesses*

Petitioner's fourth claim for relief argues that his prior counsel was ineffective because she told Petitioner's son not to testify in trial. (2255 Motion at 7–8). This ground is similarly lacking in merit as the others.

Petitioner contends that his son would have testified about a "stuffed dog" mentioned in emails between Petitioner and the undercover officer, and how that stuffed animal was from the son's grandmother and not purchased by Petitioner as a gift to entice a minor. (Reply at 3–4). These contentions do not, however, explain how Petitioner's son's testimony would have affected the outcome of his trial in a way that could benefit Petitioner. *See, e.g.*, *United States v. Berry*, 814 F.2d 1406, 1409 (9th Cir. 1987) (finding a failure to show prejudice because the defendant "offers no indication of what these witnesses would have testified to, or how their testimony might have changed the outcome of the hearing"); *see also Dows v. Wood*, 211 F.3d 480, 486–87 (9th Cir. 2000). That testimony may have discussed one alleged act by Petitioner; but it does not detract from him using the stuffed animal as a gift to entice Tina or the various other acts done by him, as shown in evidence at trial, that specifically reference sexual acts and enticement of a minor to support a conviction under 18 U.S.C. § 2422(b). *See Goetzke*, 494 F.3d at 1236.

With these facts, the Court does not find ineffective assistance in violation of the Sixth Amendment based on defense counsel's decision to not call Petitioner's son as a trial witness. *Dows*, 211 F.3d at 486–87. Accordingly, this claim does not warrant habeas relief as argued in the 2255 Motion.

### 4. *Objections during Trial*

Petitioner's fifth claim for relief contends that his trial counsel failed to do the following during his second trial: "object to Detective Yurek's improper testimony";[2] "prepare to impeach Yurek with his prior testimony"; "prepare to cross-examine Yurek"; "object to [the Court's] not allowing [Petitioner's] statement to police into evidence"; object to the Court "not

---

[2] Petitioner does not provide a specific reference to which part of Detective Yurek's testimony was improper and deserving an objection during the second trial. (*See* 2255 Motion at 9). The Court believes it to be in reference to Yurek's speculation, based on Petitioner's electronic communications with Tina, about Petitioner's motivations and intention to meet Tina in person. Yurek's testimony on this issue was part of the Ninth Circuit's review on appeal. (Mem. at 3).

allowing [a] police surveillance log into evidence." (2255 Motion at 9); (Reply at 6–8). Petitioner then provides the general argument that these objections would have been favorable to him. (*Id.*).

Addressing first Petitioner's claim regarding objections to Detective Yurek's testimony, the Ninth Circuit's Memorandum shows how his trial counsel could have successfully objected to Yurek speculating about Petitioner's motivations and intent behind certain email communications sent to Tina. (Mem. at 3, ECF No. 136). However, Petitioner has not demonstrated that the lack of objection amounted to ineffective assistance for purposes of habeas relief. Petitioner's trial counsel extensively cross-examined Detective Yurek to counter his speculation of Petitioner's intent and motivations in email communications sent to Tina. (Tr. Tran. at 153–178, ECF No. 127). The jury also elicited clarification that Detective Yurek did not have a psychology degree, thus showing a cynical analysis of Yurek's speculation. (*Id.* at 185–186, 191). In light of these corrective measures, defense counsel's errors do not "so undermine[] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686; *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) ("To establish prejudice, the appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal quotations omitted).

Next, regarding the surveillance log and Petitioner's statements to police, Petitioner's trial counsel was not ineffective for allegedly failing to object to the Court's rejection of this evidence at trial. Most notably, evidence of the surveillance log as referenced by Petitioner *was* admitted during trial as an exhibit. (Tr. Tran. at 170, ECF No. 127). Further, Petitioner's defense counsel elicited trial testimony that contained the same information Petitioner appears to have wanted from the surveillance log. (*Compare* Reply at 8) (stating that the log would have shown Petitioner "went to collect rent from my renter, went to the market, and went to eat

at a restaurant" instead of driving around looking for Tina); (*with* Tr. Tran. at 171, ECF No. 127) (eliciting testimony about how Petitioner "went to one of his rental properties . . . then went to Albertsons, and then back home"). Regardless, as previously stated in this Order, the Government provided sufficient evidence to support a conviction even without the apparent uncertainty with Petitioner's travel on one occasion. (Tr. Tran. at 91–93, 97–98, ECF No. 126).

### B. Prosecutorial Misconduct

Part of Petitioner's fifth claim for relief is that his counsel failed to object to "prosecutorial misconduct during closing argument." (2255 Motion at 9). To the extent this claim seeks habeas relief based directly on prosecutorial misconduct (rather than ineffective assistance by not raising the issue during trial), Petitioner made such argument on direct appeal; and the Ninth Circuit rejected it. (Mem. at 2, ECF No. 136). Thus, the Court need not re-address claims of prosecutorial misconduct here. Concerning the allegation of ineffective assistance for not objecting to prosecutorial misconduct, Petitioner's allegations are conclusory—and thus insufficient to warrant relief—because they does not reference where the complained-of statements are in the record or which statements by the Government serve as the basis for the present claim. *See Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). The Ninth Circuit's Memorandum, moreover, demonstrates that an objection on the ground of prosecutorial misconduct would have been futile. (Mem. at 2). The Court accordingly does not find Petitioner's allegations on this issue to warrant habeas relief.

### C. Cruel and Unusual Punishment

Petitioner's sixth ground for relief arises under the Eighth Amendment's prohibition on cruel and unusual punishment. (2255 Motion at 10). He first contends that the Court's imposition of a $12,500 fine was excessive, cruel, and unusual because the United States Probation Office did not recommend a fine and it would "cause him a tremendous burden . . . as [he is] now indigent." (*Id.*); (Reply at 2). His second contention is that the twenty-year term of

supervised release violates the Eighth Amendment because it is equivalent to a lifetime duration due to his age. (*Id.*).[3]

Neither of Petitioner's contentions warrants habeas relief. Principally, Petitioner did not raise these Eighth Amendment arguments on direct appeal. It is then his burden to show "cause" why the Court should excuse his failure to do so and "prejudice," or actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962, 964 (9th Cir. 2003) ("[T]he claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (quoting *Bousley*, 523 U.S. 614, 622 (1998)). However, Petitioner has not argued cause for failing to raise these issues on direct appeal other than his appellate counsel being ineffective. (Reply at 1). But his appellate counsel was not ineffective. That is, Petitioner is incorrect that the United States Probation Office did not recommend a fine; Probation recommended the fine of $12,500. (Sentencing Tr. 7:18–8:13, ECF No. 129). This recommended amount fell far below the statutory maximum of $250,000 pursuant to 18 U.S.C. § 3571, was less than the applicable fine range from United States Sentencing Guideline § 5E1.2, and related to the Probation Office's financial information about Petitioner's assets before sentencing. (*Id.*); (Statement of Reasons at 1–2). The Court then adopted the Probation Office's recommendation because it was reasonable under the circumstances. (Statement of Reasons at 1–2); (Sentencing Tr. 14:8–17).

Next, concerning the twenty-year term of supervised release, the maximum term permitted was lifetime under 18 U.S.C. § 3583(k), which the United States Probation Office recommended. The Court, however, downward departed from that recommendation to arrive at

---

[3] Petitioner, in his Reply, raises the argument that the sentence of ten-years imprisonment is excessive for a first-time offender. Like his other contentions under the Eighth Amendment, this too lacks merit. The Ninth Circuit in several decisions has rejected similar arguments and found the ten-year minimum sentence constitutional. *See United States v. Shill*, 740 F.3d 1347, 1356–1357 (9th Cir. 2014); *United States v. Erickson*, 546 Fed. Appx. 627, 629 (9th Cir. Oct. 25, 2013).

the twenty-year term. The Court finds the imposed term of supervised release to be reasonable and constitutional as it falls within the appropriate statutory range. (Sentencing Tr. 9:7–14).

### D. Motion for Appointment of Counsel

Petitioner filed a Motion for Appointment of Counsel alongside his 2255 Motion, claiming that "the issues in this case are complex and . . . [he] is unable to adequately present the claims without the assistance of counsel. (*Id.* at 2). Prior to this Order, the Court reviewed Petitioner's request and concluded against appointing counsel. The limited issues in the 2255 Motion did not appear complex; and Petitioner did not hold an initial likelihood of success, as demonstrated by this Order. *See* 18 U.S.C. § 3006A(a)(2)(B) ("[R]epresentation may be provided for any financially eligible person . . . [when] the interests of justice so require. . . ."); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").

### E. Certificate of Appealability

Petitioner must receive a certificate of appealability from the Court to proceed with an appeal of this Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). To warrant a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483.

The Court has considered the issues raised by Petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none of the issues meet that standard. The Court will therefore deny Petitioner a certificate of appealability.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's 2255 Motion, (ECF No. 141), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's *Ex Parte* Motion for Appointment of Counsel, (ECF No. 143), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 142), and Motion for a Ruling, (ECF No. 152), are **DISMISSED as moot**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this __13__ day of November, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court